IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-732-GMS |
| | ) |
| CARL C. DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on August 27, 2010 followed by an amended complaint on April 1, 2011. (D.I. 2, 7.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.[1] He has also filed a motion for show cause and a motion/petition for relief, both construed by the court as motions seeking injunctive relief. (D.I. 9, 10.) The court now proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Biggins filed the complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, violations of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.*, the Rehabilitation Act, 42 U.S.C. § 12133 and 29 U.S.C. § 794(a), the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, the Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C. § 1997e, and the Restatement (Second) of Torts, as well as supplemental State law claims. There

---

[1] Biggins has three strikes pursuant to 28 U.S.C. § 1915(g) but, because the complaint alleged imminent danger of serious physical injury, he was not required to pay the full filing fee at the time he filed the complaint. (*See* D.I. 6.)

are no allegations that Biggins is disabled and, therefore, the court does not consider the statutes applicable to his claims. Biggins also refers to the section of the Civil Rights of Institutionalized Persons Act that requires exhaustion of administrative remedies. Finally, the complaint refers to a number of statutory citations without references to the particular act. Having reviewed the complaint and its amendment, the court construes them as attempting to raise claims pursuant to 42 U.S.C. § 1983 for violations of Biggins' constitutional rights under the First, Eighth, Fourteenth Amendments of the United States Constitution, as well as supplemental state law claims.[2]

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, No. 08-3313, 2011 WL 2036440 (3d Cir. May 25, 2011) (slip op.).

## III. DISCUSSION

Biggins raises sixteen counts against eighty-four defendants in two documents that total one hundred forty-four pages, including exhibits.[3] The original complaint contains Counts One through Six, as follows: (1) Count One alleges unlawful conditions of confinement by reason of unsanitary food service practices in Biggins' assigned housing unit; (2) Count Two alleges unlawful conditions of confinement and deliberate indifference to medical needs by reason of inadequate time for outside recreation and no physical therapy for over a year as ordered by Biggins' physician; (3) Count Three alleges unlawful conditions of confinement due to inadequate grooming practices consisting of one haircut per month and one shave per week;

---

[3]The original complaint named twenty-nine defendants and the amended complaint added an additional fifty-five defendants. (*See* D.I. 2, 7.) Because Biggins misnumbered the defendants, the amended complaint indicates, in error, that there are eighty-seven defendants.

(4) Count Four alleges denial of religious practices based upon the prison policy of including religious books as one of the three general books allowed in an inmate's cell rather than counting it separately; (5) Count Five alleges improper opening and reading of legal correspondence and privileged mail; and (6) Count Six alleges improper taking of postage stamps on June 24, 2010, that had been mailed to Biggins and were confiscated as "not permitted." (D.I. 2.)

The amended complaint adds Counts Seven through Sixteen, as follows: (1) Count Seven raises a conditions of confinement[4] claim for the past ten years and on numerous occasions, by reason of food distribution on "uncertified multi-use (plastic) food servicing products such as trays, sporks, lids, and cups)[5]; (2) Count Eight alleges unlawful conditions of confinement while Biggins was housed in the VCC infirmary from July 4, 2010 through July 8, 2010; (3) Count Nine alleges deliberate indifference to medical needs on September 29, 2010, due to a policy change of no longer providing shoes on a medical basis unless the inmate is an amputee or diabetic; (4) Count Ten alleges deliberate indifference to medical needs for delay in replacing Biggins' dentures that were lost on June 15, 2009 and not replaced until April 10, 2010; (5) Count Eleven alleges deliberate indifference to medical needs during October through December 2010 in prescribing ineffective pain medication, retaliating against Biggins for filing a medical grievance by referring Biggins to mental health, and violating Biggins' right to privacy

---

[4]In many of the counts in the amended complaint, Biggins alleges denial of his right to equal protection in violation of the Fourteenth Amendment in addition to violations of the Eighth Amendment.

[5]In a prior a complaint, Biggins alleged that the use of food utensils, tray, and cups, not made of non-corrosive materials, caused him to digest bacteria from corroded, dented and hard to clean feeding products. The claim was dismissed as frivolous. *See Biggins v. Markell*, Civ. No. 09-245-GMS at D.I. 12, ¶ III.B.).

by holding an open medical grievance hearing on November 3, 2010; (6) Count Twelve seeks reimbursement of all funds taken from Biggins' account "as an 'indigent' inmate for legal postage fees"; (7) Count Thirteen alleges religious discrimination and invasion of privacy, since August 17, 2008, on the basis that "inmates are denied privacy with clergy"; (8) Count Fourteen alleges unlawful conditions of confinement due to the prison telephone policy limiting telephone use; (9) Count Fifteen alleges unlawful conditions of confinement during the past five years due to lack of heat in extremely cold cells, weekly cold showers, insufficient blankets, and outside recreation without hats, gloves, or coats; and (10) Count Sixteen alleges unlawful conditions of confinement since 2007 due to "continuous housing structure, maintenance, and unsanitary housing conditions" that jeopardize Biggins' health and safety, such as backed-up toilets, improper cleaning supplies, dirty walkways, and improper cleaning by prison personnel.[6] (D.I. 7.)

The complaint and its amendment contain many unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a). Indeed, the complaint and its amendment are clearly unmanageable and the eighty-four defendants would have great difficulty responding to it. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). Biggins asserts a whole host of completely unrelated claims such as conditions of confinement, medical needs, religion, access to court mail/postage issues, and

---

[6] In a prior a complaint Biggins made similar conditions of confinement claims that was dismissed as frivolous. *See Biggins v. Danberg*, Civ. No. 09-862-GMS at D.I. 22, ¶ III.F.).

retaliation. Most of the claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, the claims do not involve issues of law or fact common to all eighty-four defendants

In addition the complaint is deficiently pled. It consists of legal conclusions without supporting facts and fails to meet the pleading requirements of *Iqbal*. *See Ascroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009). For example, Counts One through Five provide no time-frame or facts alleging the personal involvement of each defendant. Counts Six through Sixteen, refer to specific defendants but also name other defendants without including factual allegations against them. The counts also raise claims against numerous supervisory personnel, and in certain counts, refer to periods of time that are clearly barred by the applicable two-year limitation period.

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, Civ. No. 07-340, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (not published) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the

claims before that court. . . ."). As a frequent filer, Biggins is well aware of pleading requirements. Notably, Biggins has three strikes pursuant to 28 U.S.C. § 1915(g) and, through the years, has used different tactics in an effort to avoid payment of the entire filing fee when filing a complaint.

Based upon the foregoing discussion, the complaint and its amendment will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. Biggins will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Biggins believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185 (M.D. Pa. 1992). As previously discussed, the court has identified the following claims, almost all of them unrelated: conditions of confinement, medical needs, religion, access to court mail/postage issues, and retaliation.

Biggins is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this court's order and will result in dismissal of the complaint. *See* Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

## IV. CONCLUSION

For the above reasons, the court will deny without prejudice to renew Biggins' pending motions. (D.I. 9, 10.) The court will also dismiss without prejudice the complaint and its amendment for failure to comply with Fed. R. Civ. P. 20. Biggins will be given leave to amend. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Jn 5__, 2012
Wilmington, Delaware