IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-732-GMS |
| | ) |
| CARL C. DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on August 27, 2010. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.[1]

**I. BACKGROUND**

The original complaint was filed on August 27, 2010, followed by an April 1, 2011 amendment. Therein, Biggins raised sixteen counts and named eighty-four defendants. The complaint and its amendment were dismissed as violative of Fed. R. Civ. P. 20, and Biggins was given leave to amend. (D.I. 19.) Instead, he appealed. The appeal was terminated on September 24, 2012, for Biggins' failure to pay the filing fee. (D.I. 25.) Thereafter, Biggins was given additional time to file an amended complaint. (*See* D.I. 26.)

The order specifically advised Biggins that: (1) the amended complaint shall contain only the claims and the defendants that are related and involve the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a); (2) the amended complaint

---

[1] Biggins has three strikes pursuant to 28 U.S.C. § 1915(g) but, because the complaint alleged imminent danger of serious physical injury, he was not required to pay the full filing fee at the time he filed the complaint. (*See* D.I. 6.)

shall be complete in all respects, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and shall be "simple, concise, and direct"; (3) all unrelated claims must be filed as separate actions accompanied by separate motions for leave to proceed *in forma pauperis*; and (4) the inclusion of separate, unrelated claims would be considered a failure to comply with the order and would result in dismissal of this case. (*See* D.I. 26.)

Biggins timely filed an amended complaint. (D.I. 28.) It raises three counts against twenty-one defendants and alleges violations of Biggins' constitutional rights.[2] Count One (similar to previous Count Eight) alleges unlawful conditions of confinement while Biggins was housed in the VCC infirmary from July 4, 2010 through July 8, 2010; Count Two (somewhat similar to previous Count Nine) alleges deliberate indifference to medical needs for failing to provide physician prescribed shoes and for inadequate medical care for injuries caused by improper shoes; and, Count Three raises a new claim for denial of Excedrin Migraine pain medication.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished).

## III. DISCUSSION

### A. Non-Compliance with October 19, 2012 Order

Biggins was placed on notice that the inclusion of separate, unrelated claims would be considered a failure to comply with the October 19, 2012 order and would result in dismissal of the amended complaint. Nonetheless, Biggins disregarded the warning when he added Count

3

Three to the amended complaint. Count Three alleged denial of Excedrin Migraine pain medication beginning on April 5, 2011 and continuing through May 2012. This claim was not raised in the original complaint or its April 1, 2011 amendment. In addition, Count Three speaks to a time-frame totally separate and distinct from Counts One and Two and to a time period after the April 1, 2011 amendment. The court will dismiss the amended complaint for this reason, alone.

### B. Deficient Pleading

In addition, had Biggins complied with the order, the amended complaint fails to state viable claims. Counts One and Two of the amended complaint are deficiently pled. The Counts consist of legal conclusions without supporting facts and fails to meet the pleading requirements of *Iqbal*. *See Ascroft v. Iqbal*, 556 U.S. 662 (2009). For example, Count One alleges unlawful conditions of confinement, but it is not directed towards any defendant. Nor does it provide facts alleging the personal involvement of any defendant.

In Count Two, Biggins alleges that he is not provided physician prescribed shoes, but then goes on to complain that the shoes provided caused injury to his feet. In addition, Count Two alleges that the defendant Dr. Derosiers failed to follow other physicians' orders and, instead, followed a different medical protocol. At the most, the allegations speak to negligence, and do not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (an inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not

4

pursued on the inmate's behalf); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (allegations of medical malpractice are not sufficient to establish a Constitutional violation).

As to Count Three, since it is unrelated to Counts One and Two, it is stricken from the amended complaint.

Based upon the foregoing discussion, the amended complaint will be dismissed as noncompliant with Fed. R. Civ. P. 20 and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the amended complaint for failure to comply with Fed. R. Civ. P. 20 and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). The court finds amendment futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Jan 15_, 2013
Wilmington, Delaware

5